No. 21,546.

THE CAPITAL IRON WORKS COMPANY, *Appellant*, v. W. W. FINNEY, *Appellee*.

SYLLABUS BY THE COURT.

SALE—*Modification of Contract—Evidence—Finding.* The evidence held to support a finding that the entering into a new contract had been accepted as a satisfaction of any claims on account of the breach of the original agreement.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed May 11, 1918. Affirmed.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellant.

*R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the appellee.

The opinion of the court was delivered by

MASON, J.: On January 13, 1916, the Capital Iron Works Company entered into a written contract with W. W. Finney by which it agreed to furnish for $1,700 the iron and steel work for a garage. Later Finney informed the company that by reason of a change in his plans he could not use the material contracted for, with certain exceptions, and directed a discontinuance of the work. Five cast-iron lintels which were furnished were paid for. The company sued Finney for damages for breach of the contract. The defendant filed an answer stating in effect that the contract had been modified by mutual consent, a new agreement being made providing that the material furnished should be paid for upon an agreed basis, and as to the rest the contract should be canceled. In a reply the plaintiff denied this allegation and asserted that no consideration existed for any modification or cancellation of the contract. A trial resulted in findings and a judgment in favor of the defendant, the plaintiff being allowed a recovery of only $5.10. The plaintiff appeals.

There was a direct conflict in the evidence. The defendant gave testimony to this effect: On January 14, 1916, the day after the signing of the contract, he wrote a letter to the plaintiff which he deposited in the mail, properly addressed

and stamped (the receipt of which was afterwards referred to by representatives of the company in conversation with him) stating that he had changed his plans, and directing that no work be done except upon the lintels and columns. About February 24, 1916, he called at the company's office in pursuance of an appointment made by telephone and told the manager (who had signed the contract for the company) that he had come to see about the shipment of the lintels and columns and to make full settlement with him. He proposed to the manager that they be shipped and billed at the regular price (irrespective of that fixed by the original contract), saying that he would pay that amount and would also pay for his share of some expenses incident to the letting of the contract. The manager said that this was satisfactory.

The plaintiff introduced evidence denying this conversation and denying the receipt of the letter referred to, but the decision of the court must be regarded as resolving all controversies concerning the facts in favor of the defendant. The plaintiff contends that, even assuming the truth of the defendant's evidence, it was entitled to recover damages resulting from the breach of the contract, one item being the loss of the anticipated profits. We regard the evidence already set out as sufficient to support a finding that the contract was modified by agreement, and that the defendant had carried out the terms of the modified agreement on his part; or, stated in another way, that the plaintiff had agreed to accept, in satisfaction of any claim for the breach of the original contract, the payment by the defendant of a share of the expenses referred to, and the acceptance of the lintels and columns at a price then agreed upon. This seems a legitimate interpretation of the defendant's testimony that (after telling the plaintiff's representative that he had come to make a full settlement) he proposed to make these payments, and in reply was told that this was satisfactory. The agreement to pay for the material actually furnished at a different price, presumably higher than that at which it was figured in the original contract, formed a sufficient consideration for the modification. (13 C. J. 592.)

The judgment is affirmed.